IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARIA C. QUEZADA,, <br> RAMIRO QUEZADA PICHARDO and <br> CHRISTIAN QUEZADA <br> *Plaintiffs* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. L-16-330 |
| vs. | | |
| PASCHALL TRUCK LINES, INC and <br> ANTONIO LORENZO CASON, JR. <br> *Defendants* | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Maria C. Quezada, Ramiro Quezada Pichardo, and Cristian Quezada, Plaintiffs complaining of and about, Paschall Truck Lines, Inc and Antonio Lorenzo Cason, Jr., Hereinafter Called Defendants, and for cause of action shows unto the Court the following:

### PARTIES

1.   Plaintiff, Ramiro Quezada Pichardo is an individual residing in Laredo, Webb County, Teas.

2.   Plaintiff, Maria C. Quezada is an individual residing in Laredo, Webb County, Teas.

3.   Plaintiff, Cristian Quezada is an individual residing in Laredo, Webb County, Teas.

4.	Defendant, Paschall Truck Lines, Inc., foreign corporation under the laws of the State of Kentucky and at all times doing business in Texas. Service of process upon this Defendant may be had by serving its registered agent for service, Randall A. Waller, 3443 Highway 641 South, Murray, Kentucky 42071, its registered office. Service of said Defendant as described above can be effected by certified mail.

5.	Defendant, Antonio Lorenzo Cason, Jr, is an individual who is a resident of Kentucky, may be served with process at his home at the following address: 1101 Rivergate Meadows Drive, Goodlettsville, Tennessee 37072. Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION & VENUE

6.	This court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 (a)(1) because the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

7.	Venue is proper in this matter pursuant to the terms of Title 28 U.S.C. §1391(b) in that the cause of action arose within the Southern District of Texas.

8.	Venue is proper in this district under 28 U.S.C. §1402(b) because the acts and omissions complained of occurred in this district.

## FACTUAL BACKGROUND
### The Collision

9.	This lawsuit concerns a severe motor vehicle collision which occurred on November 8, 2014. The collision occurred between a 2013 Nissan Frontier driven by the Plaintiff, Ramiro Quezada Pichardo and a 2012 International tractor trailer which was driven by Defendant, Antonio

Lorenzo Cason, Jr., under the authority and control of Defendant, Paschall Truck Lines, Inc. At the time of the collision, Ramiro Quezada Pichardo was accompanied by two passengers, Plaintiffs, Maria C. Quezada and Cristian Quezada.

10. The vehicular collision occurred on a Saturday morning on the 13100 block of IH 35 NB Frontage Road, within the city limits of Laredo Texas. With respect to the area where the collision occurred, IH 35 NB Frontage Road consists of two northbound lanes and one turning lane.

11. Immediately prior to the collision, Plaintiff, Ramiro Quezada Pichardo was traveling northbound on IH 35 NB Frontage Road, on the left lane. At the same time, Defendant, Antonio Lorenzo Cason, Jr. was traveling in the same direction, on the center lane. The incident ensued when Defendant veered his tractor trailer to the left lane, changing lanes unsafely, thereby, colliding with Plaintiff's vehicle.

12. The following is a sketch excerpted from the official police report which was made by the police officer who investigated the collision, Officer Gregorio De La Cruz, ID No. 7408, of the Laredo Police Department:



13. Officer De La Cruz found that Defendant, Antonio Lorenzo Cason, Jr. was wholly responsible for causing this collision due to the fact that Mr. Cason citing him accordingly.

The Injuries

14. Ramiro Quezada Pichardo suffered physical and emotional injuries as a result of this collision. Mr. Quezada Pichardo was diagnosed with cervical and lumbar sprains/strains, multiple disc bulges and a herniations to his neck and lower back. Mr. Quezada Pichardo has undergone extensive physical therapy, daily medication and injections to control the pain caused by the injuries sustained in this vehicular collision. Due to the temporary results obtained through pain management, he underwent a Lumbar Discogram. In all probability Mr. Quezada Pichardo will continue to incur medical expenses in the future to alleviate his pain. Mr. Quezada Pichardo was healthy prior to this collision.

15. Maria C. Quezada suffered physical and emotional injuries as a result of this collision. Mrs. Quezada was diagnosed with cervical and thoraco-lumbar sprains/strains, contusion to the arm, and multiple disc bulges and disc herniations to her neck and lower back. Mrs. Quezada has undergone extensive physical therapy, daily medication and injections to control the pain caused by the injuries sustained in this vehicular collision. Due to the temporary results obtained through pain management and the findings from the discogram, she underwent an cervical decompression to allay the pain to her neck. In all probability Mrs. Quezada will continue to incur medical expenses in the future to alleviate her pain. Mrs. Quezada was healthy prior to this collision.

16. Cristian Quezada suffered physical and emotional injuries as a result of this collision. Mr. Quezada was diagnosed with cervical sprains/strains, capsulitis and subscapularis bursitis to the right shoulder, and multiple disc bulges to his neck. Mr. Quezada has undergone extensive physical therapy and daily medication to control the pain caused by the injuries sustained in this vehicular

collision. In all probability Mr. Quezada will continue to incur medical expenses in the future to alleviate his pain. Mr. Quezada was healthy prior to this collision.

## CAUSES OF ACTION AGAINST DEFENDANTS

### Negligence of Antonio Lorenzo Cason, Jr. & Respondeat Superior

17. Plaintiffs' claims against Defendants are brought under the provisions of the Federal Tort Claims Act 28 U.S.C. §2671 *et seq*. Defendant, Paschall Truck Lines, Inc is the responsible party Defendant for the actions of its employee, Antonio Lorenzo Cason, Jr., acting within the course and scope of his employment for the Defendant, Paschall Truck Lines, Inc. 28 U.S.C. §2679.

18. Under the doctrine of respondeat superior, Defendant is vicariously liable for the actions of its employee, Antonio Lorenzo Cason, Jr., while in the course and scope of his employment with Paschall Truck Lines, Inc. The occurrence made the basis of this suit, referred to above, and the resulting injuries and damages were proximately caused by the negligent acts and/or omissions of Antonio Lorenzo Cason, Jr. in one or more of the following particulars:

   a. In that Defendant, Antonio Lorenzo Cason, Jr. failed to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   b. In that Defendant, Antonio Lorenzo Cason, Jr. failed to safely change lanes as would have been done by an ordinary prudent person of the same age, experience, intelligence and capacity, in the exercise of ordinary care, acting in the same or similar circumstances;

   c. In that Defendant, Antonio Lorenzo Cason, Jr. failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant, Antonio Lorenzo Cason, Jr.'s motor vehicle which would permit Defendant to safely change lanes without colliding into Plaintiff's motor vehicle;

      d.      In that Defendant, Antonio Lorenzo Cason, Jr. failed to keep a proper lookout in order to avoid colliding with other vehicles, specifically, with Plaintiff's motor vehicle, as done by a person of ordinary prudence under the same or similar circumstances;

      e.      In that Defendant, Antonio Lorenzo Cason, Jr. was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

      f.      In failing to take evasive action to avoid colliding with Plaintiff's vehicle;

      g.      In that Defendant, Antonio Lorenzo Cason, Jr. failed to apply his brakes to his motor vehicle in a timely and prudent manner in order to avoid colliding with Plaintiff's vehicle; and/or

      h.      In failing to use the vehicle's horn, lights, and/or other equipment to warn Plaintiff of the impending collision.

19. Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiffs' injuries and damages.

## NEGLIGENCE OF PASCHALL TRUCK LINES, INC.

20. On November 8, 2014, Defendant, Paschall Truck Lines, Inc., was the owner of the tractor-trailer driven by Antonio Lorenzo Cason, Jr.. Defendant, Paschall Truck Lines, Inc., negligently entrusted the vehicle to Antonio Lorenzo Cason, Jr., a reckless and incompetent driver. Defendant knew, or through the exercise of reasonable care should have known, that Antonio Lorenzo Cason, Jr. was a reckless and incompetent driver.

21. Furthermore, and alternatively, Paschall Truck Lines, Inc., owed Plaintiffs a duty to hire, supervise, train and retain competent employees. Defendant breached that duty by negligently

<u>training</u>, <u>supervising</u>, <u>hiring</u> and <u>retaining</u>, Defendant, Antonio Lorenzo Cason, Jr., consisting of, but not limited to the following:

- a. In failing to exercise ordinary care in implementing adequate training procedures for drivers;

- b. In failing to exercise ordinary care in implementing adequate continued education for all drivers;

- c. In failing to exercise ordinary care in implementing adequate supervision procedures;

- d. In failing to adequately screen Antonio Lorenzo Cason, Jr.'s driving record prior to hiring him; and/or

- e. In failing to exercise ordinary care in determining whether Antonio Lorenzo Cason, Jr. was competent enough to be hired.

23. Each of the aforementioned negligent acts or omissions of the Defendant, Paschall Truck Lines, Inc. constituted a proximate cause of the collision resulting in damages and injuries to the Plaintiffs.

## VIOLATION OF FEDERAL MOTOR CARRIER SAFETY REGULATIONS

24. In addition to duties which Antonio Lorenzo Cason, Jr. and Paschall Truck Lines, Inc. owed the motoring public, including Plaintiffs, under the common law of this state, Defendants owed duties under and were governed by, at all relevant times, the FMCSR. According to the FMCSR, Paschall Truck Lines, Inc., were considered a motor carrier or operator of the commercial motor vehicle which Antonio Lorenzo Cason, Jr. was driving at the time of this incident. With respect to the provisions of the FMCSR which were violated by Antonio Lorenzo Cason, Jr. and Paschall Truck Lines, Inc., are deemed to have violated such provisions as well, as a result of the application of the FMCSR.

## DAMAGES

25. As a direct and proximate result of the actions of Defendants as set forth above, Plaintiffs have sustained personal injuries in the form of herniated discs to their neck and lower back which have resulted in losses and damages recoverable at law. The herniations require surgical intervention to correct the continuing pain and lasting effects.

26. Plaintiffs would respectfully request the Court to determine the amount of loss Plaintiffs have incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering. There are certain elements of damages, provided by law, that Plaintiffs are entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiffs for the injuries and damages and losses incurred and to be incurred in the future.

27. From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiffs for each element are as follows:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs, Ramiro Quezada Pichardo, Maria C. Quezada, and Cristian Quezada, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Webb County, Texas;

   b. Physical pain and suffering that the Plaintiffs have suffered from the date of the incident in question to the time of trial;

      c.      The damages resulting from the physical impairment suffered by Plaintiffs and the resulting inability to do those tasks and services that Plaintiffs ordinarily would have been able to perform;

      d.      Mental anguish that Plaintiffs have suffered from the date of the incident in question to the time of trial; and

      e.      Property damage.

28.    From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiffs will sustain in the future beyond the time of trial are the following:

      a.      The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiffs' injuries in the future beyond the time of trial;

      b.      Physical pain and suffering that the Plaintiffs will suffer in the future beyond the time of trial;

      c.      The damages resulting from the physical impairment the Plaintiffs will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiffs ordinarily would have been able to perform in the future beyond the time of trial; and

      d.      The mental anguish that Plaintiffs will suffer in the future beyond the time of trial.

## PRE/POST JUDGMENT INTEREST

29.    To the extent provided by law, Plaintiffs further plead for pre and post judgment interest, at the highest prevailing judgment rate allowed by law, on any damages awarded by this Court. Plaintiffs plead that if they are not allowed such pre and post judgment interest, that they would not be fully compensated, and that they would be denied an opportunity to earn interest on the damages Plaintiffs sustained between the time of the incident and the time of judgment.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Ramiro Quezada Pichardo, Maria C. Quezada, and Cristian Quezada, requests that on final trial they have judgment against Defendants for a sum in excess of the minimum jurisdictional limits of this Court, pre-judgment and post-judgment interest to the extent the law provides for, costs of suit, and all other relief to which Plaintiff is justly entitled.

Dated: November 7, 2016

Respectfully submitted,

By:   */s/ Daniel Torres*
Daniel Torres
State Bar No. 24046985
Fed Id. No. 57-3645

Javier Villarreal
State Bar No. 24028097
Fed Id No. 30384

**VILLARREAL & BEGUM, PLLC**
2401 Wild Flower Drive, Suite A
Brownsville, Texas 78526
Tel: (956) 544-4444
Fax: (956) 550-0877